Darren Richie (SBN 316116)
darren@richielitigation.com
Steve Jang (SBN 330228)
steve@richielitigation.com
**RICHIE LITIGATION, P.C.**
206 W. 4th Street, Suite 330
Santa Ana, CA 92701
Tel: (213) 265-7888 | Fax: (844) 314-1380

*Attorneys for Plaintiffs,*
WEST COAST HOTEL MANAGEMENT, LLC, and
WEST COAST ORANGE GROUP, LLC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

WEST COAST HOTEL MANAGEMENT, LLC dba UNIVERSITY SQUARE HOTEL OF FRESNO; and WEST COAST ORANGE GROUP, LLC dba THE HOTEL FRESNO,

Plaintiffs,

v.

BERKSHIRE HATHAWAY GUARD INSURANCE COMPANIES, a Pennsylvania Company; AMGUARD INSURANCE COMPANY, a Pennsylvania Corporation; and DOES 1-50, inclusive,

Defendants.

Case No. 2-20-cv-05663-VAP-DFM

**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO EXTEND TIME TO FILE AN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

[Filed concurrently herewith: Declaration of Steve Jang, Esq., Declaration of Sosie Boyadjian, [Proposed] Order]

Hearing Date: October 19, 2020
Time: 2:00 p.m.
Courtroom: 8A – 1st Street Courthouse

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on October 19, 2020 at 2:00 p.m., or as soon thereafter as the matter may be heard, in the U.S. District Court for the Central District of California, United States Courthouse, 350 West 1st Street, Los Angeles, Courtroom 8A, 8th Floor, Plaintiffs West Coast Hotel Management, LLC dba University Square Hotel of Fresno and West Coast Orange Group, LLC dba The Hotel Fresno ("Plaintiffs"), through their undersigned counsel, hereby move to extend Plaintiffs' deadline to oppose Defendants' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 6(b)(1)(B).

Plaintiffs seek an extension of time to file an opposition to Defendants' Motion to Dismiss, which was filed on September 4, 2020, because Plaintiffs missed the September 14, 2020 deadline to file their opposition due to excusable neglect. Plaintiffs' counsel has spoken with Defendants' counsel regarding this instant Motion and Defendants' counsel indicated he will not oppose it but does not affirmatively support it. This instant Motion is based on this Notice, the Memorandum of Points and Authorities, the Declarations of Steve Jang, Esq. and Sosie Boyadjian, and the Proposed Order, the complete files and records in this action, and any additional material and arguments as may be considered in connection with the hearing.

Dated: September 17, 2020

**RICHIE LITIGATION, PC**

By:____________________________

Darren Richie, Esq.
Steve Jang, Esq.
*Attorneys for Plaintiffs,*
WEST COAST HOTEL MANAGEMENT, LLC dba UNIVERSITY SQUARE HOTEL OF FRESNO and WEST COAST ORANGE GROUP, LLC dba THE HOTEL FRESNO

# TABLE OF CONTENTS

**Page**


PRELIMINARY STATEMENT……………………………………………………...1

ARGUMENT…………………………………………………………………….1

Good Cause Exists to Extend Time for Plaintiffs to File Their Opposition…...1

(1) The Length of the Delay and its Potential Impact on Judicial Proceedings……………………………………………………………..2

(2) The Reasons for the Delay…………………………………………..2

(3) The Risk of Prejudice to the Non-Moving Party……………………3

(4) Whether the Movant Acted in Good Faith………………………….3

The Policy of the Law is to Try Matters on the Merits……………………..4

CONCLUSION…………………………………………………………………5

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership*
(1993) 507 U.S. 380 ……………………………………………………...……….2, 3

*Pincay v. Andrews*
(2004) 389 F.3d 853………………………………………………………………….3, 4

*Slusher v. Durrer*
(1977) 69 Cal.App.3d 747, 753…………………………………………………………4

*Nilsson v. City of Los Angeles*
(1967) 249 Cal.App.2d 976……………………………………………………………..5

*Elston v. City of Turlock*
(1985) 38 Cal.3d 227, 233………………………………………………………………5

**Rules**

Federal Rules of Civil Procedure Rule 6(b)(1)(B)…………………………………...1
Local Rule 7-9……………………………………………………………….…….1, 3
Local Rule 6-1…………………………………………………………………….….1

## MEMORANDUM OF POINTS AND AUTHORITIES

## PRELIMINARY STATEMENT

Defendants Berkshire Hathaway Guard Insurance Companies and AmGuard Insurance Company ("Defendants") filed a Motion to Dismiss Plaintiffs' Complaint on September 4, 2020, the Friday before Labor Day Weekend. Plaintiffs' counsel was out of town from September 4, 2020 to September 7, 2020. Plaintiffs' counsel received Defendants' Notice of Motion and Motion to Dismiss on September 8, 2020. Pursuant to Local Rule 7-9, Plaintiffs' Opposition to Defendants' Motion to Dismiss was due on September 14, 2020. Plaintiffs have set the date for hearing on this instant Motion to Extend Time for October 19, 2020, the earliest date available pursuant to Local Rule 6-1. However, Plaintiffs are fine with an expedited hearing on this instant Motion so as not to cause any further delay.

Plaintiffs' counsel anticipated that he may need to file a Stipulation or, alternatively, a Motion to Continue the hearing date before the deadline for filing the opposition to Defendants' Motion to Dismiss. However, Plaintiffs' counsel missed the September 14, 2020 opposition deadline due to a clerical calendaring error and misreading of a Local Rule by Plaintiffs' counsel's paralegal. Plaintiffs' counsel's paralegal incorrectly entered the event on the law firm's Firm Central calendar and thus the deadline was not calendared. Plaintiffs' counsel's paralegal also misread Local Rule 7-9 and misinformed Plaintiffs' counsel about the opposition deadline. (*See* Declaration of Sosie Boyadjian.) Plaintiffs' counsel relies heavily on Firm Central for events and deadlines.

## ARGUMENT

Good Cause Exists to Extend Time for Plaintiffs to File Their Opposition

Pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 6(b)(1)(B), the court may, for good cause, extend the time for a deadline on motion after the time has expired if the party failed to act because of excusable neglect.

The determination of what constitutes excusable neglect is an equitable one, taking into account all relevant circumstances. *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership* (1993) 507 U.S. 380, 381. *Pioneer* established a four factor test in determining whether a party's neglect of a deadline is excusable: (1) the length of the delay and its potential impact on judicial proceedings, (2) the reason(s) for the delay, (3) the danger of prejudice to the opposing party, and (4) whether the movant acted in good faith. *Id.* at 396. The Supreme Court of the United States in *Pioneer* found in favor of the movant to extend the deadline because two of the four enumerated factors weight in favor of the movant; there was a lack of prejudice to the non-movant or the interests of efficient judicial administration and the movant demonstrated good faith. *Id.* at 398. Here, all four factors weigh in favor of granting Plaintiffs' Motion to Extend Time.

(1) <u>The Length of the Delay and its Potential Impact on Judicial Proceedings</u>

As of the date of this instant Motion, Plaintiffs missed the deadline to submit their opposition to Defendants' Motion to Dismiss by three calendar days. Plaintiffs' counsel anticipated that he may need to file a Stipulation or, alternatively, an Ex Parte Motion to Continue the Hearing before the opposition deadline. (*See* Declaration of Steve Jang, Esq.) In *Pioneer*, the movant missed the deadline by twenty calendar days but his extension for time was still granted because even a "20-day delay in filing the proofs of claim would have no adverse impact on efficient court administration." *Id.* at 385. Similarly, here, hopefully, a three-day delay should not have an adverse impact on efficient judicial administration. Plaintiffs would gladly consent to the court expediting the date and time for the hearing on this instant Motion if the court wishes to do so.

(2) <u>The Reasons for the Delay</u>

Plaintiffs' counsel's paralegal entered the wrong event on the firm's calendaring system, Firm Central, so the deadline for filing the opposition to Defendants' Motion to Dismiss did not appear. (*See* Declaration of Sosie Boyadjian.) Plaintiffs' counsel's

paralegal then looked up Local Rule 7-9, which states:

> "Each opposing party shall, not later than ten (10) days after service of the motion in the instance of a new trial motion and not later than twenty-one (21) days before the date designated for the hearing of the motion in all other instances, serve upon all other parties and file with the Clerk either (a) the evidence upon which the opposing party will rely in opposition to the motion and a brief but complete memorandum which shall contain a statement of all the reasons in opposition thereto and the points and authorities upon which the opposing party will rely, or (b) a written statement that that party will not oppose the motion."

Plaintiffs' counsel's paralegal misinterpreted this Local Rule and informed Plaintiffs' counsel that the opposition to Defendants' Motion to Dismiss was due on September 25, 2020 (ten days before the hearing) and calendared the same. (*See* Declaration of Sosie Boyadjian.) As a result, Plaintiffs' counsel, who relies heavily on Firm Central for events and deadlines, missed the deadline to file the opposition as well as to file a Stipulation or Motion to Continue the hearing date.

*Pincay v. Andrews* (2004) 389 F.3d 853 is precisely on point here. In *Pincay*, the appellate court held that the district court did not abuse its discretion in finding excusable neglect for an untimely filing of a notice of appeal due to failure of the law firm's calendaring system, which resulted when a paralegal misread a clear rule and entered the wrong information. *Pincay* at 859-860. Accordingly, the court granted the movant's motion for an extension of time. Notably, the movant in *Pincay* missed the deadline by weeks, not mere days. Still, "even though the reason for the delay was the carelessness of Andrews's counsel, that fact did not render the neglect inexcusable." *Id.* at 856. The court found there was no prejudice to Pincay, the delay was short, and there was no bad faith and thus, the movants "need not have offered a terribly good countervailing reason to make their neglect excusable." *Id.* at 862. Essentially the same thing happened here. Here, the primary reason for the delay was due to negligent calendaring.

(3) The Risk of Prejudice to the Non-Moving Party

Here, the delay is relatively short so it cannot reasonably prejudice Defendants. The delay in *Pioneer* was twenty days, but the court still found there was a "lack of any prejudice to the debtor or to the interests of efficient judicial administration." *Pioneer* at 398. Further, Defendants' counsel informed Plaintiffs' counsel that Defendants will not be opposing this instant Motion. (*See* Declaration of Steve Jang, Esq.)

Plaintiffs' counsel expects to be able to gather all pertinent information and records necessary to sufficiently submit an opposition to Defendants' Motion to Dismiss by no later than September 25, 2020, which would allow Defendants ample time to submit a Reply if the hearing on the Motion to Dismiss is continued to October 12, 2020, just seven calendar days later than the original hearing date of October 5, 2020.

(4) Whether the Movant Acted in Good Faith

Plaintiffs, their counsel, and counsel's paralegal all acted in good faith as they have done throughout this litigation. This delay was due to inadvertence without any sort of ulterior motives. Further, Plaintiffs' counsel liberally granted Defendants a 30-day extension to Respond to Plaintiffs' Complaint in the spirit of good faith. (*See* Declaration of Steve Jang, Esq.)

Plaintiffs would gladly consent to an expedited hearing on this instant Motion so as not to cause any further delay.

The Policy of the Law is to Try Matters on the Merits

The policy of the law is to have every case tried on its merits and that policy views with disfavor a party who, regardless of the merits, attempts to take advantage of the mistake, inadvertence, or neglect of his adversary. "The policy of the law favors, whenever possible, a hearing on the merits, and appellate courts are more disposed to affirm an order where the result compels a trial on the merits." *Slusher v. Durrer* (1977) 69 Cal.App.3d 747, 753. Prevailing on a Motion to Dismiss because it was

inadvertently unopposed is analogous to obtaining a favorable default judgment. In *Nilsson v. City of Los Angeles* (1967) 249 Cal.App.2d 976, the court stated:

> "Section 473 of the Code of Civil Procedure has been applied with liberality in relieving parties from their defaults where relief can be granted without injustice to other parties. (Citation omitted.) An order denying relief runs counter to the law's policy encouraging trial and disposition on the merits. It is subject to closer appellate scrutiny than one granting relief, and doubts will be resolved in favor of the party attempting to get to trial."
>
> *Nilsson* at 979.

This policy is so strong that "because the law strongly favors trial and disposition on the merits, any doubts in applying section 473 must be resolved in favor of the party seeking relief from default." *Elston v. City of Turlock* (1985) 38 Cal.3d 227, 233. Plaintiffs are confident they can present a meritorious defense to Defendants' Motion to Dismiss if given a bit more time to file their Opposition.

## CONCLUSION

Based on the foregoing, Plaintiffs respectfully request that the Court grant Plaintiffs' instant Motion to Extend Time to submit their Opposition to Defendants' Motion to Dismiss.

Dated: September 17, 2020

**RICHIE LITIGATION, PC**

By:______________________________

Darren Richie, Esq.
Steve Jang, Esq.
*Attorneys for Plaintiffs,*
WEST COAST HOTEL MANAGEMENT, LLC dba UNIVERSITY SQUARE HOTEL OF FRESNO and WEST COAST ORANGE GROUP, LLC dba THE HOTEL FRESNO